**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>BAM TRADING SERVICES, INC., d/b/a BINANCE US, a Delaware corporation; BINANCE HOLDINGS, LTD, d/b/a BINANCE, a foreign company; CHANGPENG ZHAO; JOHN DOES 1–100 (fictitious names); XYZ CORP, INC. 1–100 (fictitious names),<br><br>Defendants. | Case No. 2:24-cv-10286 (BRM) (CF)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff David Gonzalez's ("Plaintiff") motion to transfer (ECF No. 87) the Amended Complaint (ECF No. 81) to the Southern District of Florida for lack of personal jurisdiction pursuant to 28 U.S.C. § 1631 ("Section 1631"), for improper venue pursuant to 28 U.S.C. § 1406 ("Section 1406"), or for the convenience of the parties and in the interest of justice pursuant to 28 U.S.C. § 1404 ("Section 1404"). Both Defendant BAM Trading Services, Inc. d/b/a Binance US's ("BAM") and Defendant Binance Holdings LTD d/b/a Binance's ("Binance") (collectively, the "Defendants") filed oppositions and cross-motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2).[1] (ECF Nos. 93, 94.) Plaintiff

[1] Although Defendants' responding submissions are captioned oppositions (*see* ECF Nos. 93, 94), the submissions function as cross-motions, *see Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984) (holding the court should construe a submission pursuant to its function, not its caption). As the Rules do not define the parameters of a motion, opposition, or cross-motion, the Third Circuit has

filed a Reply (ECF No. 95), and Binance filed a notice of supplemental authority (ECF No. 96). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.[2] Having reviewed and considered the parties' submissions filed in connection with the motion and cross-motions, and having declined to hold oral argument in accordance with Rule 78(b), for the reasons set forth below and for good cause shown, Plaintiff's motion to transfer pursuant to Section 1631 is **GRANTED**, Plaintiff's motion to transfer pursuant to Section 1406 is **DENIED**, Plaintiff's motion to transfer pursuant to Section 1404 is **DENIED**, BAM's cross-motion to dismiss for lack of personal jurisdiction is **DENIED**, Binance's cross-motion for lack of personal jurisdiction is **DENIED AS MOOT**, the Amended Complaint is transferred to the Southern District of Florida.

## I. BACKGROUND

For the purpose of the motion and cross-motions, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Lindstrom v. Polaris Inc.*, Civ. A. No. 23-137, 2024 WL 4237732, at *1 (D. Mont. Aug. 9, 2024) ("In ruling on a motion

---

referred to Black's Law Dictionary to explain the differences between same, *see*, *e.g.*, *United States v. Thomas*, 713 F.3d 165, 172 (3d Cir. 2013), which defines a "motion" as "[a] written or oral application requesting a court to make a specified ruling or order," *Motion*, BLACK'S LAW DICTIONARY (12th ed. 2024), an "opposition" as "[a] brief responding to another party's motion, cert petition, or other request, and asking that the other party's request be denied," *Brief*, BLACK'S LAW DICTIONARY (12th ed. 2024), and a "cross-motion" as "[a] competing request for relief or orders similar to that requested by another party against the cross-moving party." *Motion*, BLACK'S LAW DICTIONARY (12th ed. 2024). In other words, an opposition merely responds to another party's requests for relief, whereas a cross-motion includes separate requests for relief. This interpretation is consistent with Rule 7(b), which requires "a request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Therefore, as the responding submissions both include requests to dismiss the Amended Complaint for lack of personal jurisdiction (*see*, *e.g.*, ECF No. 93 at 36; ECF No. 94 at 15, 24–25), which can only be requested under Rule 12(b)(2), the Court construes the submissions as both oppositions and cross-motions.

[2] The cause of action arises under federal law—*i.e.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq.* (*See* ECF No. 81 ¶ 26.)

to dismiss for lack of personal jurisdiction under Rule 12(b)(2) [for lack of personal jurisdiction], a court may similarly consider 'uncontroverted allegations in the complaint.'" (quoting *Nationwide Agribusiness Ins. Co. v. Buhler Barth GmbH*, Civ. A. No. 15-582, 2015 WL 6689572, at *3 (E.D. Cal. Oct. 30, 2015))). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted in depth by the Court in a prior opinion. (*See* ECF No. 79 at 2–6); *see also Gonzalez v. BAM Trading Servs., Inc.*, Civ. A. No. 24-8521, 2024 WL 4589791, at *1–2 (D.N.J. Oct. 28, 2024); *see also Licht v. Binance Holdings Ltd.*, Civ. A. No. 24-10447, 2025 WL 625303, at *4 (D. Mass. Feb. 5, 2025), *report and recommendation adopted*, 2025 WL 624025 (D. Mass. Feb. 26, 2025) (summarizing Defendants' relationships and criminal convictions). Accordingly, the Court will recount only the factual background and procedural history associated with the motion and cross-motions.

**A. Factual Background**

"Binance is a foreign company . . . with its principal place of business in the Cayman Islands." (ECF No. 81 ¶ 16.) Binance founded and maintained Binance.com, "a major cryptocurrency exchange where customers deposit, trade, and withdraw[] hundreds of types of digital assets, including cryptocurrencies." (*Id.* ¶ 1.) Binance.com was founded in 2017, and "had become the world's largest cryptocurrency exchange by early 2018." (*Id.*) Binance.com's rapid growth was caused, in part, by the willful violation of "numerous U.S. laws and regulations." (*Id.*) Importantly, Binance.com failed to "implement and maintain an effective anti-money laundering ("AML") program[] [and] disregarded crucial know your customer ("KYC") rules." (*Id.* ¶ 2.)

Absent these safeguards, individuals could utilize Binance.com to launder stolen cryptocurrencies to prevent the cryptocurrencies from being traced. (*Id.* ¶¶ 2–6.)

"BAM is a Delaware corporation with its current head quarters [sic] and principal place of business in . . . Florida." (*Id.* ¶ 15.) BAM founded and maintained Binance.US, a separate but related cryptocurrency exchange. (*See id.* ¶ 7.) Binance.US was founded in 2019 in response to increased regulatory pressure to implement AML programs and KYC rules. (*Id.*) Although Binance publicly announced it would block U.S. users from Binance.com and gradually move their accounts to Binance.US, Binance "develop[ed] and execute[d] various strategies to allow some high-volume VIP U.S. users to continue to access Binance.com." (*Id.* ¶ 160; *see also* ¶ 163 ("Binance retained a substantial portion of its U.S. user base on Binance.com . . . .").) BAM is presently available in forty-six states, including New Jersey. (*Id.* ¶ 15.) BAM is licensed as a money transmitter in New Jersey and has marketed to and solicited New Jersey residents to open accounts with Binance.US. (*See id.*)

Defendant Changpeng Zhao ("Zhao") is a Canadian citizen who resides in Dubai and Paris. (*See id.* ¶ 22.) He is the majority owner of both Binance and BAM. (*See id.*) At all times relevant to this matter, Zhao allegedly acted as an officer and director of both Binance and BAM. (*See id.* ¶ 43.)

Plaintiff is a New Jersey citizen. (*Id.* ¶ 14.) Prior to May 8, 2021, Plaintiff owned various cryptocurrencies, which he stored on Coinbase—an unrelated cryptocurrency exchange. (*Id.*) Plaintiff stored no cryptocurrencies with either Binance.com or Binance.US, and did not have an account with either cryptocurrency exchange. (*Id.*)

Between May and June 2021, various cryptocurrencies were stolen from Plaintiff's Coinbase account. (*Id.*) Plaintiff ultimately determined some of the stolen cryptocurrencies had

been transferred to at least one Binance.com account. (*Id.*) These cryptocurrencies were presumably then laundered, preventing them from being further traced. (*See id.*) Plaintiff does not allege any of the stolen cryptocurrencies had been transferred to a Binance.US account. (*See generally id.*)

**B. Procedural History**

**1. Prior Action**

On August 18, 2024, Plaintiff filed his complaint against BAM, Binance, and Zhao (the "Prior Complaint") alleging a civil RICO claim and three common-law claims—conversion, aiding and abetting conversion, and unjust enrichment. *Gonzalez*, 2024 WL 4589791, at *2. The Prior Complaint asserted general jurisdiction was appropriate over BAM based on its corporate registration and over Binance and Zhao based on either RICO § 1965(b), authorizing personal jurisdiction against additional defendants if general or specific jurisdiction is established over at least one defendant, or an alter ego theory. *See id.* at *7–8. Plaintiff simultaneously filed an application for a preliminary injunction (the "Application").[3] *Id.* Defendants filed their respective oppositions on September 13, 2024. *Id.* Notably, Defendants argued the Court should deny the Application as the Complaint "failed to allege facts sufficient to establish general or specific personal jurisdiction." *Id.* at *4. Plaintiff filed an omnibus reply on September 20, 2024. *Id.* at *2.

On October 28, 2024, the Court denied Plaintiff's Application. *See generally id.* In support of its decision, the Court reviewed the threshold issue of whether it may exercise personal jurisdiction over Defendants. *See id.* at *4–8. The Court held it could not exercise general jurisdiction over BAM as "BAM's corporate registration and designation of an agent in New

[3] Plaintiff also filed an application for a temporary restraining order, which the Court promptly denied. *Gonzalez*, 2024 WL 4589791, at *2.

Jersey [alone] . . . d[id] not provide sufficient basis for [general personal] jurisdiction." *Id.* at *7. Because the Prior Complaint only asserted general jurisdiction over BAM, the Court did not review whether it could exercise specific jurisdiction at the time. *See id.* Therefore, the Court did not conclusively hold it lacked personal jurisdiction over BAM but rather held, based on the allegations in the Prior Complaint, it was "not satisfied it ha[d] personal jurisdiction over [BAM]." *Id.* at *8. The Court also held it could not exercise personal jurisdiction over Binance as both of Plaintiff's theories, under § 1965(b) and the alter-ego doctrine, depended on the Court exercising personal jurisdiction over BAM. *See id.* On October 29, 2024, Plaintiff voluntarily dismissed the Prior Complaint without prejudice pursuant to Rule 41(a)(1)(A)(ii). (Civ. A. No. 24-8521, ECF Nos. 50, 51.)

**2. Present Action**

On November 5, 2024, Plaintiff filed a second complaint against BAM, Binance, and Zhao (the "Present Complaint") as a new case but alleging the same causes of action. (ECF No. 1.) The Present Complaint asserts specific jurisdiction is appropriate over BAM based on its corporate registration and over Binance and Zhao based on either § 1965(b) or an alter ego theory. (*Id.* ¶¶ 27–31.)

On August 18, 2025, BAM filed a motion to dismiss based on the doctrine of issue preclusion pursuant to Rule 12(b)(6) and, alternatively, for lack of personal jurisdiction pursuant to Rule 12(b)(2). (ECF No. 64.) That same day, Binance filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). (ECF No. 65.) In response, Plaintiff filed an omnibus Opposition on September 2, 2025, which requested the Court to deny the motions to dismiss or to grant jurisdictional discovery. (ECF No. 68.) On September 22, 2025, Defendants filed their respective Replies. (ECF Nos. 70, 71.)

On February 19, 2026, the Court entered an Order granting Defendants' motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2). (ECF No. 77.) The Order was subsequently amended to correct an error in the original order stating Binance's motion to dismiss had been filed on behalf of both Binance and Zhao. (ECF No. 80.) Relevant to the pending submissions, the Court held the Complaint failed to establish personal jurisdiction over BAM under Rule 4(k)(1)(A) because the record demonstrated BAM is subject to the jurisdictions of its place of incorporation—Delaware—and its principal place of business—Florida. (*See* ECF No. 79 at 19–20, 24.) Therefore, the Complaint could not establish personal jurisdiction over Binance under either Rule 4(k)(1)(A) or Rule 4(k)(1)(C). (*See id.* at 20, 22.) Although the Court could exercise personal jurisdiction over Binance under Rule 4(k)(2), Plaintiff had failed to submit the necessary certification in support of same. (*See id.* at 24.) Accordingly, the Court dismissed the Complaint without prejudice granting Plaintiff thirty days to amend the pleading with necessary certification. (*Id.* at 25.)

On March 18, 2026, Plaintiff filed the Amended Complaint (ECF No. 81), which included the necessary certification for personal jurisdiction over Binance (*id.* at 318). On March 30, 2026, the parties filed a proposed consent order staying the time for Defendants to file an answer to the Amended Complaint until forty-five days after the Court resolved "Plaintiff's forthcoming motion to transfer" (ECF No. 82), which the Court subsequently granted (ECF No. 83). On June 8, 2026, the Court entered a Text Order ordering the parties to meet and confer regarding the proper venue for transfer. (ECF No. 84.) The parties submitted a joint status report advising the Court that they could not agree upon the proper venue for transfer and, as such, the motion to transfer would be subsequently filed. (ECF No. 85; *see also* ECF No. 86 (ordering Plaintiff to file the motion to transfer by July 6, 2026).)

On July 5, 2026, Plaintiff filed the motion to transfer. (ECF No. 87.) On August 3, 2026, Defendants filed their respective oppositions and cross-motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2). (ECF Nos. 93, 94.) Plaintiff filed his reply on August 10, 2026 (ECF No. 95), and Binance filed a notice of supplemental authority on August 11, 2026 (ECF No. 96).

## II. Legal Standard

### A. Rule 12(b)(2)

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86–87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). "In reviewing a motion to dismiss for lack of personal jurisdiction, a court 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Smith v. Zimmer US, Inc.*, Civ. A. No. 19-6863, 2020 WL 487029, at *1 (D.N.J. Jan. 29, 2020) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). "But when a defendant raises a jurisdictional defense, 'a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper.'" *Id.* (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). In determining whether it has personal jurisdiction, the Court is not bound by the pleadings, *see id.*, and, to the extent they are material, will include relevant allegations pertaining to jurisdiction in its summary of the facts, while construing all disputed facts in favor of the plaintiff. *Carteret Sav. Bank*, 954 F.2d at 142 n.1.

Pursuant Rule 4(k), a federal district court may exercise personal jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long-arm statute permits

the exercise of personal jurisdiction over non-resident defendants to the fullest extent as allowed under the Fourteenth Amendment of the United States Constitution. N.J. Ct. R. 4:4-4; *Eaton Corp. v. Maslym Holding Co.*, 929 F. Supp. 792, 796 (D.N.J. 1996). In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank*, 954 F.2d at 145 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing *Carteret Sav. Bank*, 954 F.2d at 149).

The Supreme Court has defined two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). General jurisdiction requires continuous and systematic contacts and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (alteration in original) (quoting *Int'l Shoe Co.*, 326 U.S. at 318). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Int'l Shoe Co.*, 326 U.S. at 317. While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Ops.*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a*

*corporation*, it is an equivalent place, *one in which the corporation is fairly regarded as at home.*" (emphasis added)). "It may be that whatever special rule exists permitting 'continuous and systematic' contacts to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations . . . ." *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 610 n.1 (1990) (citation omitted) (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 440 (1952)).

Specific jurisdiction, however, may be established over a defendant who "has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (citation omitted) (first quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), then quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). More specifically, specific jurisdiction requires: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." *WAG Acquisition, LLC v. Multi-Media, LLC*, Civ. A. No. 14-1661, 2015 WL 5310203, at *12 (D.N.J. Sept. 10, 2015); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (stating "what is necessary [for specific jurisdiction] is a deliberate targeting of the forum").

A court's exercise of personal jurisdiction "requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Additionally, due process requires that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hall*, 466 U.S. at 414 (quoting *Int'l Shoe Co.*, 326 U.S. at 316); *see also*

*O'Connor*, 496 F.3d at 316–23 (discussing the three-step process to determine personal jurisdiction). Importantly, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[T]he state of a plaintiff's residence does not on its own create jurisdiction over nonresident defendants." *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Rather, "[j]urisdiction is proper when the state of a plaintiff's residence is 'the focus of the activities of the defendant out of which the suit arises.'" *Id.* (quoting *Keeton*, 465 U.S. at 780).

Moreover, "the minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Lebel v. Everglades Marina, Inc.*, 558 A.2d 1252, 1255 (N.J. 1989) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "The 'minimum contacts' requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 297–98). Indeed, the three-part inquiry is meant to ensure an out-of-state defendant will not be haled into court based on "random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person." *Croat v. Mission Fine Wines, Inc.*, Civ. A. No. 19-17786, 2020 WL 1921955, at *4 (D.N.J. Apr. 21, 2020) (quoting *Stevens v. Welch*, Civ. A. No. 10-3928, 2011 WL 541808, at *3 (D.N.J. Feb. 7, 2011)). The plaintiff "bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court *in personam* jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990) (alterations in original) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)).

**B. Section 1631[4]**

Under Section 1631, the court "shall" transfer an action to another court in which the action could have been brought in the interest of justice. *See* 28 U.S.C. § 1631. As the term "shall" is a mandatory term, the court typically must consider transferring the action under Section 1631 before dismissing same under Rule 12(b)(2). *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020); *see also D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 109–11 (3d Cir. 2009) (remanding to the court to consider whether transfer was appropriate under Section 1631); *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (noting the court is permitted to *sua sponte* transfer under Section 1631). However, the Third Circuit has held the court need not consider transferring if the parties fail to identify another court with jurisdiction over the parties. *See Danziger & De Llano*, 948 F.3d at 132 (holding the court "need not investigate on its own all other courts that 'might' or 'could have' heard the case").

Although the court is afforded broad discretion whether to transfer the action, "the court must make some findings under [Section] 1631." *See Danziger & De Llano*, 948 F.3d at 132. To effect transfer, the court must find both: (A) "the action could have been brought in the transferee district"; and (B) "transfer is in the interest of justice." *McIlwain, LLC v. Berman*, Civ. A. No. 17-1257, 2018 WL 2357745, at *8 (D.N.J. May 24, 2018) (quotation marks omitted) (citing *D'Jamoos*, 566 F.3d at 109–10).

---

[4] Although Plaintiff moves to transfer the Amended Complaint pursuant to Section 1631, Section 1406, or Section 1404 (*see* ECF No. 87), the appropriate vehicle for transfer under these circumstances is Section 1631, *see infra* Section III. Accordingly, the Court need not review the motion under the legal standard of either Section 1406 or Section 1404.

## III. DECISION

Plaintiff moves to transfer the Amended Complaint to the Southern District of Florida for lack of personal jurisdiction under Section 1631, for improper venue under Section 1406, or for the convenience of the parties and in the interest of justice under Section 1404.[5] (ECF No. 87.) In response, neither BAM nor Binance have challenged whether venue is proper in this forum in their respective cross-motions. (*See generally* ECF Nos. 93, 94.) Accordingly, Defendants have waived their right to challenge venue under Rule 12(h).[6] However, both BAM and Binance have expressly and affirmatively raised a personal jurisdiction defense in support of their respective cross-motions

---

[5] The distinctions between the three transfer statutes—Section 1631, Section 1406, and Section 1404—"have to do with discretion, jurisdiction, and choice of law." *Ramsaroop v. United Airlines, Inc.*, Civ. A. No. 21-738, 2022 WL 462092, at *4 (D.N.J. Feb. 15, 2022).

[6] Unlike subject matter jurisdiction, which involves the authority of the court to hear a case, personal jurisdiction and venue involve the power of the court to exercise control over the parties. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *accord Schwartz v. Planalytics, Inc.*, Civ. A. No. 16-3933, 2017 WL 2812878, at *3 (D.N.J. June 29, 2017). "[B]oth are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties." *Leroy*, 443 U.S. at 180. Under Rule 12(h), a defendant waives its right to challenge personal jurisdiction or venue if it fails to explicitly assert the defenses in the first instance, *i.e.*, within its initial pre-answer motion or answer. *See* Fed. R. Civ. P 12(h)(1); *see also Myers v. Am. Dental Ass'n.*, 695 F.2d 716, 720 (3d Cir. 1982) ("If a party files a pre-answer motion but fails to raise one of the defenses . . . the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise."); *accord Zeikos Inc. v. Walgreen Co.*, Civ. A. No. 21-19993, 2023 WL 239957, at *5 (D.N.J. Jan. 18, 2023). *But see In re Asbestos Prods. Liab. Litig. (No. VI)* (*In re Asbestos Prods.*), 921 F.3d 98, 105 (3d Cir. 2019) (noting merely asserting the defenses within an answer "is not always sufficient to avoid waiver"). Rule 12(h) advises a defendant to exercise exceptional diligence in challenging either personal jurisdiction or venue as these defenses "must be [raised] at the time the first significant defensive move is made." 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1391 (3d ed. 2004); *accord Cianelli v. Nourison Indus., Inc.*, Civ. A. No. 19-19147, 2020 WL 4882500, at *2 (D.N.J. Aug. 20, 2020). Therefore, it is well-established a defendant's failure to raise the defenses in a "timely fashion" affirmatively and implicitly waives its right to challenge personal jurisdiction under Rule 12(b). *See In re Asbestos Prods.*, 921 F.3d at 105; *see also Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969) ("[P]ersonal jurisdiction may be conferred by consent of the parties, expressly or by failure to object.").

to dismiss the Amended Complaint. (*See* ECF No. 93 at 15; *see also* ECF No. 94 at 15 n.1 (adopting BAM's arguments supporting dismissal).)

Having sufficiently raised the defense of lack of personal jurisdiction under Rule 12(b)(2), Plaintiff bore the burden of establishing by affidavits or other competent evidence that the Court has either general or specific personal jurisdiction over Defendants. *See Cruickshank-Wallace v. CNA Fin. Corp.*, 769 F. App'x 77, 80 (3d Cir. 2019) (citing *Metcalfe*, 566 F.3d at 330). In response, Plaintiff concedes BAM is not subject to personal jurisdiction in this Court. (*See* ECF No. 95 at 7–8.) Rather, Plaintiff argues the Amended Complaint establishes BAM is subject to personal jurisdiction in the Southern District of Florida and, as such, requests the action to be transferred to same under Section 1631. (*See* ECF No. 87-1 at 8–14; ECF No. 95 at 10–16.) Because the parties' submissions establish personal jurisdiction to be lacking against a defendant but venue to be proper, the appropriate vehicle for transfer is under Section 1631.[7] *See Danziger & De Llano*, 948 F.3d at 132; *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 224 (3d Cir. 2016) ("[T]he statutory provision applicable in these circumstances is arguably not [Section] 1406(a), but rather [Section] 1631, which governs transfer when there is a want of jurisdiction." (quotation marks omitted)).

Here, Plaintiff argues: (A) the action could have been brought in the Southern District of Florida (*see* ECF No. 87-1 at 12–14); and (B) transfer is in the interest of justice (*id.* at 17–18). In response, Binance claims the action could not have been brought in the Southern District of

[7] Section 1631 permits a court lacking in jurisdiction over some defendants to transfer an action to a district that may exercise jurisdiction over all defendants. *See* 28 U.S.C.A. § 1631; *see D'Jamoos*, 566 F.3d at 110 (holding the court has the discretion to transfer "all or only part of an action"); *see also Gallant v. Trs. of Columbia Univ. in City of New York*, 111 F. Supp. 2d 638, 648 (E.D. Pa. 2000) (noting a "where [a] court lacks personal jurisdiction over some defendants . . . the court may consider transfer under [S]ection 1631" (citing *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1066 n.17 (3d Cir. 1982)).

Florida[8] (*see* ECF No. 94 at 14–24), and BAM posits transfer is against the interest of justice (*see* ECF No. 93 at 30–35). The Court reviews each factor in turn.

---

[8] Binance also argues a district court cannot exercise personal jurisdiction over Binance under Rule 4(k)(2). (*See* ECF No. 94 at 22–24.) Having previously determined the district courts can exercise personal jurisdiction under Rule 4(k)(2) (*see* ECF No. 79 at 22–24), the Court will not reconsider its determination absent extraordinary circumstances pursuant to the law of the case doctrine, *see Hamilton v. Leavy*, 322 F.3d 776, 786–87 (3d Cir. 2003) (limiting "relitigation of an issue once it has been decided in an earlier stage of the same litigation" (quotation marks omitted)); *see also In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) (precluding relitigation of issues "actually decided, either expressly or by implication"). The Third Circuit has recognized reconsideration of a previously decided issue may be appropriate, however, under the following extraordinary circumstances: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Tenny J. Commc'ns, Inc. v. Verizon New Jersey, Inc.*, Civ. A. No. 19-19183, 2022 WL 1912390, at *3 (D.N.J. June 2, 2022); *accord Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, the moving party bears the "heavy burden" of demonstrating the existence of an extraordinary circumstance justifying reconsideration, which "cannot be met through 'recapitulation of the cases and arguments considered by the court before rendering its original decision.'" *United States v. $7,599,358.09*, 953 F. Supp. 2d 549, 565 (D.N.J. 2013) (quoting *G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). In short, "[m]ere 'disagreement with the [original] decision' does not suffice." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quotation marks omitted); *see also P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (noting a motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment").

Here, Binance does not request reconsideration based on supervening law. (*See* ECF No. 94 at 22-24; *see also* ECF No. 96 (citing *Gligorov v. Nation of Brunei*, Civ. A. No. 24-7150, 2026 WL 2276372 (D.C. Cir. Aug. 7, 2026))). *But see Pine Belt Auto., Inc. v. Royal Indem. Co.*, Civ. A. No. 06-5995, 2009 WL 424384, at *2 (D.N.J. Feb. 19, 2009) (holding an opinion in another district "is not controlling law for the purposes of a motion for reconsideration"), *aff'd*, 400 F. App'x 621 (3d Cir. 2010); *see also Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) ("[C]ases in other districts and circuit courts of appeal . . . are not controlling on this [c]ourt."); *Engers v. AT & T*, Civ. A. No. 98-3660, 2006 WL 3626945, at *2 (D.N.J. Dec.12, 2006) (requiring the party moving for reconsideration to cite an intervening decision entered by either the Third Circuit or the United States Supreme Court). Rather, Binance appears to request reconsideration based on the argument the prior determination would result in manifest injustice. (*See* ECF No. 94 at 22–24.) However, both the Third Circuit and courts in this circuit have routinely recognized a district court may exercise personal jurisdiction over a foreign defendant under Rule 4(k)(2). *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 299 n.14 (3d Cir. 2004); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 458 (3d Cir. 2003); *see also Bon Charge*, 823 F. Supp. 3d at 515; *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546,

### A. Personal Jurisdiction

An action "could have been brought" in any district that may exercise jurisdiction over the parties and in which venue is proper. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). Although a plaintiff bears the burden to establish that jurisdiction in the transferee court is proper prior to trial, a plaintiff bears a lighter burden at this stage of the litigation. *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 472 (D.N.J. 2021) (citing *D'Jamoos*, 566 F.3d at 109–10). A plaintiff may satisfy the first Section 1631 prong merely by making a *prima facie* showing that jurisdiction in the transferee court would be proper. *D'Jamoos*, 566 F.3d at 109–10.

Here, Plaintiff argues the Southern District of Florida is a proper venue and may exercise personal jurisdiction over Defendants. (*See* ECF No. 87-1 at 12–14.) In support, Plaintiff claims the Southern District of Florida may exercise: (1) general jurisdiction over BAM under Rule 4(k)(1) because its principal place of business is located in Miami, Florida (*see id.* at 12–13); and (2) federal long-arm jurisdiction over Binance under Rule 4(k)(2) because it is not subject to a court of general jurisdiction, the cause of action arises under federal law, and the exercise of jurisdiction will comport with due process (*see id.* at 13–14).

In response, Defendants do not contest the proffered forum to be a proper venue. (*See generally* ECF Nos. 93, 94.) Nor does BAM argue it would not be subject to general jurisdiction in the Southern District of Florida under Rule 4(k)(1). (*See generally* ECF No. 93.) Therefore, the Court limits its review to whether the Southern District of Florida may exercise federal long-arm jurisdiction over Binance under Rule 4(k)(2).

---

555 (E.D. Pa. 2018); *Smith v. S&S Dundalk Eng'g Works, Ltd.*, 139 F. Supp. 2d 610, 621 (D.N.J. 2001). Accordingly, as Binance has failed to demonstrate an extraordinary circumstance justifying reconsideration, the Court declines to reconsider its prior determination that a district court can exercise personal jurisdiction over Binance under Rule 4(k)(2).

As previously reviewed in greater-depth in the March 18, 2026 Amended Opinion, (*see* ECF No. 79 at 22–24), Rule 4(k)(2) "was enacted to fill a specific gap in the federal law presented when a foreign defendant may have significant aggregate contacts with the United States, but insufficient contacts with any single state to support jurisdiction under state long-arm statutes." *Smith v. S&S Dundalk Eng'g Works, Ltd.*, 139 F. Supp. 2d 610, 621–22 (D.N.J. 2001). Courts employ a three-step approach to determine whether a federal court may exercise personal jurisdiction over a foreign defendant under Rule 4(k)(2): (1) whether the claim arises under federal law; (2) whether the defendant is subject to the jurisdiction of a court of general jurisdiction; and (3) whether the exercise of jurisdiction will comport with due process. *See*, *e.g.*, *Early Learning Res., LLC v. Sebel Furniture Ltd.*, Civ. A. No. 10-6335, 2011 WL 4593775, at *5 (D.N.J. Sept. 30, 2011); *accord King v. Bon Charge*, 823 F. Supp. 3d 508, 515 (D. Del. 2025).

Notably, Binance does not argue that the cause of action does not arise under federal law or that it is not subject to a court of general jurisdiction. (*See generally id.*) Rather, Binance argues the Amended Complaint fails to plead sufficient facts to establish the exercise of such jurisdiction will comport with due process (*see* ECF No. 94 at 14–20). The Court disagrees.

Pursuant to the Fourteenth Amendment's Due Process Clause, the courts employ a two-prong analysis in determining whether a court may exercise personal jurisdiction over a non-resident: (1) did the plaintiff demonstrate the defendant had sufficient "minimum contacts" with the forum; and (2) would the exercise of jurisdiction "offend traditional notions of fair play and substantial justice." *See Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). However, "[t]he concept of minimum contacts varies according to the nature of the interactions and type of jurisdiction asserted." *Id.*

General jurisdiction is established when a non-resident defendant "has 'continuous and systematic' contacts with the forum, [regardless of] whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334 (quoting *Hall*, 466 U.S. at 416; *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000)). In contrast, "[s]pecific jurisdiction is established when a nonresident defendant has "purposefully directed" his activities at a resident of the forum and the injury arises from, or is related to, those activities." *Telcordia Tech Inc.*, 458 F.3d at 177 (quoting *General Elec. Comp. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). Stated another way, "[i]f the defendant maintain[s] continuous and substantial forum affiliations, then general jurisdiction exists. If the defendant's contacts fall short of that standard, then at least one contact must give rise or relate to the plaintiff's claim." *Metcalfe*, 566 F.3d at 334 (second alteration in original) (quotation marks omitted) (quoting *O'Connor*, 496 F.3d at 316). Because the two forms of jurisdiction are "analytically distinct categories," a reviewing court must consider the relevant facts under each category separately. *Id.* (quoting *O'Connor*, 496 F.3d at 316). The Court starts with specific jurisdiction, then reviews general jurisdiction as needed.

**1. Specific Jurisdiction**

The specific jurisdiction due process analysis under Rule 4(k)(2) required the court to determine whether: "(1) the defendant purposefully directed its activities at residents of the United States, (2) the claim arises out of or relates to the defendant's activities with the United States, and (3) assertion of personal jurisdiction is reasonable and fair." *Sierra v. Trafigura Trading LLC*, Civ. A. No. 22-366, 2024 WL 3823018, at *5 (D. Del. Aug. 14, 2024); *accord M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018); *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009). "[A] court may properly assert specific jurisdiction, even if the contacts are isolated and sporadic, so long as the cause of

action arises out of or relates to those contacts." *Synthes*, 563 F.3d at 1297; *see also Burger King*, 471 U.S. at 475 (noting a single contact may support specific jurisdiction). Although the plaintiff bears the burden to demonstrate the first two elements, the burden shifts to the defendant to show the assertion of personal jurisdiction would be unreasonable or unfair. *See TriDinetworks Ltd. v. NXP USA, Inc.*, Civ. A. No. 19-1062, 2020 WL 2220152, at *4 (D. Del. May 7, 2020) (citing *M-I Drilling*, 890 F.3d at 1001–02).

However, as recently explained by the Supreme Court in *Fuld v. Palestine Liberation Organization*, 606 U.S. 1 (2025), the due process analysis under Rule 4(k)(2) is reviewed pursuant to the "Fifth Amendment's Due Process Clause (applicable to the federal government) instead of the Fourteenth's (applicable to the states)." *King*, 823 F. Supp. 3d at 516–17. In *Fuld*, the Supreme Court established three principles relevant to the due process analysis under Rule 4(k)(2). *Id.* at 17. First, the Fifth Amendment does not incorporate the Fourteenth's "minimum contacts" prong, but may still require the plaintiff to demonstrate the defendant had some "meaningful contacts" with the forum, *i.e.*, the United States. *See Fuld*, 606 U.S. at 21–23; *accord King*, 823 F. Supp. 3d at 517. Second, the Fifth Amendment does not incorporate the Fourteenth's "fair play and substantial justice" prong, but may require a "similar inquiry into the reasonableness of the assertion of jurisdiction in the particular case." *See Fuld*, 606 U.S. at 23 (quotation marks omitted); *accord King*, 823 F. Supp. 3d at 517. Third, the due process standard under the Fifth Amendment is a "more flexible" standard than that under the Fourteenth Amendment. *See King*, 823 F. Supp. 3d at 517 (quoting *Fuld*, 606 U.S. at 16). Based on these three principles, courts have held "if personal jurisdiction would be constitutional under the [Fourteenth Amendment's] nationwide minimum-contacts standard, then jurisdiction is *a fortiori* constitutional under [the Fifth Amendment]." *King*, 823 F. Supp. 3d at 517–18.

Here, the Amended Complaint demonstrates Binance purposefully directed its activities at the United States, and Plaintiff's claims arise out of or relate to such activities. (*See* ECF No. 81.) Specifically, the Amended Complaint alleges Binance's rapid growth as a cryptocurrency exchange platform was due, in part, to its targeting of cryptocurrencies owned by U.S. citizens while willfully violating U.S. laws and regulations. (*See id.* ¶¶ 1–6, 63–71, 81–95.) Notably, Binance failed to implement an effective AML program and disregarded the required KYC rules, which permitted "bad actors" to launder stolen cryptocurrencies on their platform. (*See id.* ¶¶ 1–6, 63–71, 81–95.) In 2019, Binance publicly announced it would prevent further exchanges of U.S.-owned cryptocurrencies on their platform but privately permitted and endorsed the anonymous exchange of same. (*See id.* ¶¶ 1–6, 116–74.) In 2021, as a result of Binance's failure to implement either an AML program or KYC rules and their knowing participation in the illegal exchange of U.S.-owned cryptocurrencies on their platform, Plaintiff's cryptocurrencies were stolen and laundered on Binance.com. (*See id.* ¶¶ 1–6, 72–80, 175–87.) To the extent the Amended Complaint fails to identify the location of the party who stole the cryptocurrencies or the owner of the Binance accounts utilized to exchange and launder the cryptocurrencies (*see* ECF No. 94 at 15–20), such facts are not needed to make a *prima facie* showing of personal jurisdiction at this stage and are better addressed through discovery, *see Kim*, 513 F. Supp. 3d at 472 (referring to the burden of establishing personal jurisdiction as a "light" burden); *King*, 823 F. Supp. 3d at 517 (referring to the burden to the due process standard as "flexible" under Rule 12(b)(2)); *see also Halpern v. Centroid Sys., Inc.*, Civ. A. No. 24-7037, 2025 WL 1112847, at *1 (D.N.J. Apr. 16, 2025) (reconsidering the prior determination that personal jurisdiction over the defendants was proper following discovery).

Accordingly, the Court finds the Amended Complaint makes a *prima facie* showing that the Southern District of Florida may exercise specific jurisdiction over Binance under Rule 4(k)(2).[9] Having made this determination, the Court need not consider whether the Southern District of Florida may exercise jurisdiction on other grounds at this time. (*See* ECF No. 94 at 21 (arguing the Southern District of Florida may not exercise jurisdiction over Binance under Rule 4(k)(1)(C)).)

**B. Transfer is in the Interest of Justice**

It is well-established, the preferred remedy is transfer under Section 1631, not dismissal under Rule 12(b)(2). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *accord Danziger & De Llano*, 948 F.3d at 132; *see also Castillo v. Att'y Gen. of United States*, 109 F.4th 127, 135 (3d Cir. 2024) (noting Section 1631 was enacted to "rescue cases mistakenly filed in the wrong court"). Therefore, courts have held there exists a rebuttable presumption that transfer is in the interest of justice under the second prong of Section 1631. *See Blanding v. Walmart, Inc.*, Civ. A. No. 23-3303, 2023 WL 11228068, at *2 (D.N.J. Dec. 11, 2023); *see also Kim*, 513 F. Supp. 3d at 476 ("[N]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." (quoting *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, Civ. A. No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020)));

[9] Having demonstrated the first two elements, the burden shifts to Binance to show the assertion of personal jurisdiction would be unreasonable or unfair. *See TriDinetworks*, 2020 WL 2220152, at *4 (citing *M-I Drilling*, 890 F.3d at 1001–02). However, Binance fails to raise an argument in support of same. (*See generally* ECF No. 94.) To the extent a review of the third element is needed, the Court adopts the report and recommendation entered in the pending related matter entitled *Licht v. Binance Holdings Ltd.*, Civ. A. No. 24-10447. *See* 2025 WL 625303, at *33 (addressing the unreasonableness element and holding Binance "did 'substantial' and 'recurrent' business in the United States; 'as such they cannot wholly expect to escape the reach of United States courts.' . . . The United States has an interest in adjudicating this RICO action. Plaintiffs have an interest in obtaining effective relief in the United States." (cleaned up) (quoting *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 12 (1st Cir. 2018))).

*Doe v. Chiquita Brands Int'l, Inc.*, Civ. A. No. 07-3406, 2018 WL 497322, at *2–3 (D.N.J. Jan. 19, 2018) ("Courts have found that Congress intended to create a presumption—albeit a rebuttable one—in favor of transfer." (quotation marks omitted)).

In considering whether a defendant has sufficiently rebutted transfer under Section 1631, the Third Circuit has provided a non-exhaustive list of factors the court may consider, "including the reasonableness of a [plaintiff]'s confusion about the proper venue, whether transfer will delay resolution, inconvenience to the parties, and waste of judicial resources." *Castillo*, 109 F.4th at 135–36. Alternatively, transfer may be sufficiently rebutted by establishing the plaintiff may simply refile the action in the proper forum without the risk of being time-barred. *See Danziger & De Llano*, 948 F.3d at 132–33; *see also Kim*, 513 F. Supp. 3d at 476 ("[The interest of justice] requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action." (alterations in original) (quoting *Kurzweil v. Amtrak*, Civ. A. No. 19-19388, 2020 WL 5760423, at *4 (D.N.J. Sept. 28, 2020))). However, the decision of whether transfer is in the interest of justice is ultimately left to the court's discretion. *See Kim*, 513 F. Supp. 3d at 476; *see also Danziger & De Llano*, 948 F.3d at 132 (describing the court's discretion to transfer as "broad").

Here, Plaintiff argues transfer to the Southern District of Florida is in the interest of justice. (*See* ECF No. 87-1 at 14–18.) In response, BAM claims transfer would not be in the interest of justice as the Amended Complaint could, and should, have been filed in the Southern District of Florida.[10] (*See* ECF No. 93 at 31–35.) In reply, Plaintiff contends he could not have filed the

---

[10] BAM also claims it would be prejudiced by transfer based on prior litigation costs, delay, and substantial reliance. (*See* ECF No. 93 at 34.) It is well-established neither litigation costs nor mere delay may establish prejudice. *See Zelma v. Babigian*, Civ. A. No. 25-18893, 2026 WL 2149748,

Amended Complaint in the Southern District of Florida due to the relevant statutes of limitations. (*See* ECF No. 95 at 8–10.)

As previously determined by the Court (ECF No. 79 at 24), the Amended Complaint pleads facts sufficient to establish BAM's principal place of business is in Florida (ECF No. 81 ¶ 191), which BAM does not deny (*see generally* ECF No. 93). Therefore, a substantial part of the events giving rise to the cause of action against BAM occurred in Florida and, as such, the relevant witnesses and evidence are likely located in Florida. *See Singh*, 2026 WL 2455089, at *5. Furthermore, Plaintiff has sufficiently demonstrated the Amended Complaint cannot simply be refiled in the Southern District of Florida and, therefore, transfer is required to allow orderly adjudication of this action on its merits. *See Strassman v. Essential Images*, Civ. A. No. 17-4227, 2018 WL 1251636, at *9 (D.N.J. Mar. 12, 2018); *see also Ruhle v. Hous. Auth. of City of Pittsburgh*, 54 F. App'x 61, 62 n.1 (3d Cir. 2002) ("[W]e have long indicated our strong preference that cases be decided on the merits." (citing *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir. 1976))); *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 147 (D.N.J. 2001) ("Indeed, courts enjoy the inherent power to ignore minor procedural defects because they should, whenever practicable, reach the merits of a case."). Accordingly, the Court finds transfer to the Southern District of Florida is in the interest of justice.

---

at *3 (D.N.J. July 27, 2026). Rather, a party must demonstrate its "'ability to pursue the claim has been hindered' due to 'a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Id.* (quoting *Super 8 Worldwide, Inc. v. Sarwan Invs., LLC*, Civ. A. No. 14-7810, 2016 WL 6398514, at *2 (D.N.J. Oct. 27, 2016)). To the extent BAM relied upon the prior dismissal, its reliance "could not have been too great." *Donohue v. Capella Univ., LLC*, Civ. A. No. 22-5634, 2025 WL 1233201, at *2 (D.N.J. Apr. 29, 2025) (quotation marks omitted), *aff'd*, No. 25-2052, 2026 WL 1122142 (3d Cir. Apr. 24, 2026). The March 18, 2026 Amended Order dismissed the Complaint without prejudice (ECF No. 80), and the Amended Complaint was filed within the time allotted (ECF No. 81). Accordingly, the Court does not find BAM will be prejudiced by transfer.

Based on the foregoing, Plaintiff's motion to transfer for lack of personal jurisdiction pursuant to Section 1631 is **GRANTED**, BAM's cross-motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is **DENIED**, and Binance's cross-motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is **DENIED AS MOOT**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to transfer pursuant to Section 1631 (ECF No. 87) is **GRANTED**, Plaintiff's motion to transfer pursuant to Section 1406 (*id.*) is **DENIED**, Plaintiff's motion to transfer pursuant to Section 1404 (*id.*) is **DENIED**, BAM's cross-motion to dismiss for lack of personal jurisdiction (ECF No. 93) is **DENIED**, Binance's cross-motion for lack of personal jurisdiction (ECF No. 94) is **DENIED AS MOOT**, the Amended Complaint (ECF No. 81) is transferred to the Southern District of Florida. An appropriate order follows.

**Date: September 3, 2026**

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**